UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BAER**

------------------------------------------------------------------

RONIT MENASHE, AUDREY QUOCK

**05  CV  00239**

Plaintiffs,

COMPLAINT FOR
DECLARATORY RELIEF

-against-

V SECRET CATALOGUE, INC., VICTORIA'S SECRET
STORES, INC., INTIMATE BEAUTY CORPORATION,
d/b/a as VICTORIA'S SECRET BEAUTY, and VICTORIA'S
SECRET DIRECT, LLC. (collectively "VICTORIA'S
SECRET")



Defendant.

------------------------------------------------------------------X

Plaintiffs, by their attorney, **YECHESKEL MENASHE, ESQ.,** complaining of the

Defendant, respectfully allege, upon information and belief, as follows:

### NATURE OF ACTION

1.    This is an action for a declaratory judgment pursuant to, 28 U.S.C. § 2201 and 28

U.S.C. § 2202, for the purpose of determining a question of actual controversy between

the parties as more fully set out below.

### AS AND FOR A FIRST CAUSE OF ACTION

2.    At all times herein mentioned, Plaintiff **AUDREY QUOCK** was, and still is, a

citizen of the County of New York, City and State of New York.

3.    At all times herein mentioned, Plaintiff **RONIT MENASHE** was, and still is, a

citizen of the City of Los Angeles, State of California.

4.    Upon information and belief, Defendants V SECRET CATALOGUE INC, VICTORIA'S SECRET STORES INC., and VICTORIA'S SECRET DIRECT LLC. are incorporated under the laws of the State of Delaware, with their principal place of business in the state of Ohio.

5.    Upon information and belief, Defendant INTIMATE BEAUTY CORPORATION d/b/a/ as VICTORIA'S SECRET BEAUTY is incorporated under the laws of the State of Delaware, with its principal place of business in the County of New York, in the State of New York.

6.    Defendants are collectively known as "VICTORIA'S SECRET" and are hereinafter collectively referred to as "Defendant".

7.    Jurisdiction herein is based upon, 15 U.S.C. § §1051-1127, 28 U.S.C. § 1331, and 28 U.S.C. § §2201-2202.

8.    On or about June 1, 2004, Plaintiff **AUDREY QUOCK**, a well known fashion model, and Plaintiff **RONIT MENASHE,** a publicist, agreed on a proposed business venture for the production, sale and distribution of women's underwear and lingerie.

9.    On or about July 15, 2004 Plaintiffs decided on the name "SEXY LITTLE THING, SEXY LITTLE THINGS" (hereinafter "mark") as the trademark for their underwear/lingerie line.

11. On August 31, 2004 Plaintiffs registered the internet domain name www.sexylittlethings.com in furtherance of their business activities and sought the services of a website designer shortly thereafter.

12. On September 13, 2004, Plaintiffs filed an "intent-to-use" application, No. 78/482,883, with the United States Patent and Trademark Office (U.S.P.T.O.) for registration of said mark.

13. Plaintiffs chose the mark, registered the domain name and filed their U.S.P.T.O. application in good faith and without any knowledge of Defendant's use or desire to use said mark.

14. Plaintiffs conducted an internet search of said mark and checked with the U.S.P.T.O. database for the availability of said mark prior to submitting their U.S.P.T.O. application.

15. Plaintiffs conducted numerous legitimate and substantial activities in furtherance of their business prior and subsequent to submission of their U.S.P.T.O. application.

16. On November 16, 2005, more than two months after filing their U.S.P.T.O. application and more than two and a half months after registering the domain name, Plaintiffs received a "cease and desist" letter from Defendant's counsel **FRANK COLUCCI, ESQ**.

17. Said letter's accusations and demands have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. § § 2201-2202.

18. Said letter, which is dated November 15, 2004, claimed that Plaintiffs' use of the mark would constitute infringement under U.S. Trademark Law 15 U.S.C. §1051 et. seq., 15 U.S.C. §1125(a) (false designations of origin and false representation), as well as, common law violations of trademark and unfair competition.

19.  Said letter stated that use of the mark by Plaintiffs may subject them to liability for an injunction, profits, damages, attorney's fees and costs.

20.  Said letter demanded that Plaintiffs immediately "cease and desist" from any plans of using said mark.

21.  Said letter demanded that Plaintiffs immediately abandon their U.S.P.T.O. trademark application.

22.  Said letter demanded that Plaintiffs immediately transfer the domain name www.sexylittlethings.com to Defendant.

23.  As proof of Defendant's rights to the mark, Defendant's counsel enclosed in said letter a copy of "page 12" of a 2005 Victoria's Secret Catalogue with the title "SEXY LITTLE THINGS, a copy of a photo of an in-store boutique with the with a sign "SEXY LITTLE THINGS", and a copy of a hangtag with the phrase "SEXY LITTLE THINGS" which was allegedly used to mark the underwear at said in-store boutique.

24.  Said letter requested a reply from Plaintiffs by November 19, 2004, four (4) days from the date said letter was presumably drafted and only three (3) days after its delivery to Plaintiffs.

25.  Annexed hereto and marked as Exhibit "A" is a copy of said "cease and desist" letter.

26.  Plaintiffs categorically deny that use of said mark violates any federal or state rights Defendant might have in the mark.

27.  Plaintiffs conducted two (2) separate and independent trademark investigations subsequent to Defendant's "cease and desist" letter.

28. Defendant had no rights to the mark prior to Plaintiffs' September 13, 2004 U.S.P.T.O. application.

29. Defendant's alleged use of the mark in commerce prior to Plaintiffs' September 13, 2004 U.S.P.T.O. application was either non-existent or minimal and was insufficient to confer upon Defendant any rights to the mark.

30. Defendant's alleged use of said mark prior to Plaintiffs' September 13, 2004 U.S.P.T.O application was without the acquired distinctiveness necessary for protection as an unregistered trademark pursuant to 15 U.S.C. §1125(a).

31. Defendant's assertions have caused Plaintiffs to halt their business plans entirely pending the resolution of this matter. Plaintiffs have suspended activities with advertisers, producers and distributors pending the outcome of this action.

32. Plaintiffs intend to use said mark and resume all suspended activity immediately after declaratory relief is granted by the Court.

33. To afford relief from the uncertainty and controversy which Defendant's assertions have precipitated, Plaintiffs are entitled to a declaratory judgment of their rights under 28 U.S.C. § § 2201-2202 that use by Plaintiffs of the mark "SEXY LITTLE THING, SEXY LITTLE THINGS" is not in violation of any rights Defendant might have under 15 U.S.C. §1051 et. seq., including, 15 U.S.C. §1125(a).

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiffs repeat and reallege the allegations of paragraph 1 through 33 of the subject complaint for declaratory judgment.

35. Plaintiffs are entitled to a declaratory judgment of their rights under 28 U.S.C. § § 2201-2202 that use by Plaintiffs of the mark "SEXY LITTLE THING, SEXY LITTLE THINGS" is not in violation of any rights Defendant might have pursuant to the common law of trademark and unfair competition.

## AS AND FOR A THIRD CAUSE OF ACTION

36. Plaintiffs repeat and reallege the allegations of paragraph 1 through 35 of the subject complaint for declaratory judgment.

37. Plaintiffs registered the domain name www.sexylittlethings.com on August 31, 2004.

38. Registration of said domain name was in good faith and in furtherance of Plaintiffs' business venture.

39. Registration of said domain name was over two and a half months prior to Defendant's "cease and desist" letter dated November 15, 2004

40. Plaintiffs had no knowledge whatsoever of Defendant's use or claim of use of the mark.

41. Plaintiffs are entitled to a declaratory judgment of their rights under 28 U.S.C. § § 2201-2202 that Plaintiffs' registration and use of the domain name www.sexylittlethings.com is not in violation of any rights Defendant might have pursuant to 15 U.S.C. §1125(d) (Anticybersquatting Consumer Protection Act)

## AS AND FOR A FOURTH CAUSE OF ACTION

42. Plaintiffs repeat and reallege the allegations of paragraph 1 through 41 of the subject complaint for declaratory judgment.

43. On November 11, 2004, Defendant filed a "first use in commerce" application for said mark with the U.S.P.T.O.

44. Defendant's application was filed four (4) days before Defendant's counsel sent the November 15, 2004 "cease and desist" letter to Plaintiffs.

45. Defendant's application was filed almost two months after Plaintiffs filed their September 13, 2004 U.S.P.T.O. application.

46. Plaintiffs' trademark rights are based on their September 13, 2004 intent-to-use U.S.P.T.O application which confers upon them a right of priority in use of the mark pursuant to 15 U.S.C. §1057(c).

47. Defendant used said mark in commerce after Plaintiffs submitted their U.S.P.T.O application.

48. Said use of the mark by Defendant constitutes trademark infringement and causes likelihood of confusion.

49. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201-2202 that Defendant's use in commerce of the mark "SEXY LITTLE THING, SEXY LITTLE THINGS", subsequent to September 13, 2004 infringes on Plaintiffs' trademark rights conferred upon them by their September 13, 2004 U.S.P.T.O. application.

**WHEREFORE**, Plaintiffs pray that the Court declare and a judgment be entered that:

1.  Plaintiffs' use of trademark "SEXY LITTLE THINGS" does not violate any rights Defendant might have under to 15 U.S.C. §1051 et. seq., including 15 U.S.C. §1125(a).

2.  Plaintiff's use of the mark "SEXY LITTLE THINGS" is not in violation of any rights Defendant might have pursuant to the common law of trademark and unfair competition.

3.  Plaintiffs' registration and use of the domain name www.sexylittlethings.com is not in violation of any rights Defendant might have pursuant to 15 U.S.C. §1125(d) (Anticybersquatting Consumer Protection Act)

4.  Defendant's use in commerce of the mark "SEXY LITTLE THING, SEXY LITTLE THINGS", subsequent to September 13, 2004 infringes on Plaintiffs' trademark rights conferred upon them by their September 13, 2004 U.S.P.T.O. application.

5.  Plaintiffs have such other, further and general relief as may be just.


Yours, etc.


**YECHESKEL MENASHE, ESQ. (YM 4242)**
Attorney for Plaintiffs
**RONIT MENASHE, AUDREY QUOCK**
165-07 Grand Central Parkway
Jamaica, New York 11432
(917) 796-3791
Our File #: 01-TM001



## COLUCCI & UMANS

MANHATTAN TOWER
IOI EAST 52ND STREET
NEW YORK, NEW YORK 10022-6018

FRANK J. COLUCCI, P.C.
COURTNEY WILSON MONAHAN, P.C.
W. BRANT MOSSOP, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
THOMAS A. KAIN
SUSAN B. JACOBSON
DAVID M. DAHAN
KATHLEEN M. McGANN
GEORGANN M. CALLAGHAN
ANDREA PELAEZ

OF COUNSEL
NOTARO & MICHALOS P.C.

TELEPHONE (212) 935-5700
FACSIMILE (212) 935-5728
FACSIMILE (212) 935-5724
email@colucci-umans.com

November 15, 2004

KENNETH R. UMANS
(1944-1998)

WESTCHESTER OFFICE

670 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583
TELEPHONE (914) 472-1500
FACSIMILE (914) 472-1551
scarsdale@colucci-umans.com

**VIA FEDEX**

Ronit Menashe and Audrey Quock
920 North Kings Road #230
West Hollywood, California 90069

Re:   Our File D68-276

Dear Mr. Menashe and Ms. Quock:

We are Patent, Trademark and Copyright Counsel to V Secret Catalogue, Inc., Victoria's Secret Stores, Inc., Intimate Beauty Corporation, d/b/a as Victoria's Secret Beauty and Victoria's Secret Direct LLC (collectively "Victoria's Secret").

Victoria's Secret is the owner of the VICTORIA'S SECRET trademark, trade name and service mark worldwide ("VICTORIA'S SECRET Mark"). It is also the owner and operator of over 1,000 VICTORIA'S SECRET lingerie and beauty stores located throughout the United States as well as the well-known VICTORIA'S SECRET catalog and internet website www.victoriassecret.com. Victoria's Secret, with sales in excess of $3.8 billion in fiscal year 2003, is an acknowledged category leader and a dominant market brand.

Recently, it has come to Victoria's Secret's attention that on September 13, 2004, you filed a United States application to register the mark SEXY LITTLE THING, SEXY LITTLE THINGS for clothing, including undergarments, in International Class 25, which was assigned Application Serial No. 78/482,883 based on intent-to-use. We also note that you have registered the domain name www.sexylittlethings.com which states "coming soon."

Since prior to the filing date of your application, Victoria's Secret has been using the mark SEXY LITTLE THINGS on its line of lingerie and boutique items. We enclose herewith a sample label, as well as a photograph of the in-store boutique,

COLUCCI & UMANS

Ronit Menashe and Audrey Quock                    -2-                    November 15, 2004

featuring lingerie bearing the mark SEXY LITTLE THINGS.  In addition, we enclose
herewith copies from the Victoria's Secret Resort 2005 Catalogue which features SEXY
LITTLE THINGS at page 12.

      In our opinion, and that of Victoria's Secret, your mark SEXY
LITTLE THING, SEXY LITTLE THINGS is confusingly similar to Victoria's Secrets' SEXY
LITTLE THINGS mark and, if used, would constitute trademark infringement in violation of
the United States trademark law, commonly referred to as the Lanham Act, 15 U.S.C.
§1051, et. seq.  In addition, such use would also constitute false designations of origin
and false representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C.
§1125(a), as well as common law trademark, and unfair competition and may subject you
to liability to Victoria's Secret for an injunction, profits, damages and attorneys' fees and
costs.

      Accordingly, we hereby demand that you immediately cease and desist
from any and all plans to use SEXY LITTLE THING, SEXY LITTLE THINGS or any mark
which is confusingly similar to Victoria's Secret's SEXY LITTLE THINGS trademark and
provide us with your written assurance that you have done so.

      In addition, we demand that you immediately abandon your application for
registration of SEXY LITTLE THING, SEXY LITTLE THINGS in the United States Patent
and Trademark Office and furnish us with a copy of your express abandonment of the
application, as well as transfer the domain name www.sexylittlethings.com to our client.

      We request that you furnish us with your response no later than by Friday,
November 19, 2004.

                            Sincerely yours,

                           Frank J. Colucci

FJC/GMC:gm
Encs.
bcc.  Carol M. Matorin, Esq.

# VICTORIA'S SECRET

RESORT 2005 VOL. 1 $3 U.S.
COVER LOOK, SEE PAGE 4

**SPECIAL OFFER**
$15 off a $100 order
$30 off a $150 order
$75 off a $250 order
$150 off a $500 order
SEE PAGE 2
FOR DETAILS

# RESORT
## 2005

## DESTINATION
### SEXY
From lingerie to bikinis,
the hottest looks for a
glamourous getaway.

VictoriasSecret.com



SEXY
LITTLE THINGS

MESH
HIPHUGGER

A

RUFFLED
TAP PANTY

B

12



